RECEIVED
FEB 16 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILBERT J. SAUCIER | CIVIL ACTION NO. 14-3157 |
| -vs- | JUDGE DRELL |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., ET AL. | MAG. JUDGE PEREZ-MONTES |

## MEMORANDUM RULING

Before the court is Plaintiff's first Motion for Partial Summary Judgment (Doc. 26) on the issues of accident causation and insurance coverage. Plaintiff's instant motion has been fully briefed and the court finds it ripe for decision at this time.

Plaintiff seeks a judgment from this court declaring that the motor vehicle accident of September 5, 2013 giving rise to the instant suit was caused solely by the fault of Ms. Aleisha Tilley, the driver of the adverse vehicle. Plaintiff cites La. R.S. 32:123 and several Louisiana cases describing the duty of a driver crossing an intersection against favored traffic for the proposition that Tilley owed a duty not to enter the intersection until she was reasonably certain that she could do so without posing a danger to oncoming, favored traffic. (Doc. 26-1 at pp. 6 – 10 citing Holt v. State of Louisiana, Through the Department of Transportation and Development, 671 So.2d 1164 (La. 2 Cir. 1996), Van Fossin v. Weaver, 219 So.2d 200 (La. 3 Cir. 1969), Matthews v. ARKLA Lubricants, Inc., 740 So.2d 787 (La. App. 2 Cir. 1999)). In further support of his argument that Tilley's breach of duty was the sole cause of the accident, Plaintiff offers his own affidavit, attesting that he was obeying the posted speed limit at the time of the accident. (Doc. 26-5). Plaintiff also offers the affidavit of Tilley, in which Tilley states that she "…thought [she]

could make it, so [she] attempted to cross over Hwy 28, but when [she] did, [she] could not get across, and [she] was hit by the Wilbert Saucier vehicle which was traveling in the left, westbound lane." (Doc. 25-6). Plaintiff similarly offers Tilley's deposition testimony, during which she affirms that she entered the intersection because she thought it was safe to do so. (Doc. 26-8 at 36:3-10). Taken together, Plaintiff argues that this evidence demonstrates no genuine dispute of material fact exists regarding Tilley's role as the sole cause of the automobile accident at the center of this case.

Plaintiff's motion asks, additionally, for the court to declare that: (1) Tilley was covered by an automobile liability policy issued by Go Auto Insurance Company with a policy limit of $15,000, constituting the sole insurance covering Tilley and/or the automobile driven by Tilley at the time of the accident in question; (2) at the time of the accident in question, Plaintiff was covered by a policy of uninsured/underinsured motorist coverage with limits in the amount of $250,000.00; (3) at the time of the accident in question, Plaintiff was further covered by an umbrella policy issued by State Farm Fire and Casualty Company ("SFFCC") which, in the event that Plaintiff's damages exceeded the coverage offered by Go Auto and SFMAIC, offered coverage in the amount of $2 million. (Doc. 26 at p. 2, ¶ 8).

Plaintiff's motion is opposed by SFMAIC and SFFC jointly. (Doc. 31). Defendants allege contributory negligence by Plaintiff, citing Tilley's testimony regarding the accident:

> ...I got in this right turning lane and I yielded right here. And then right here there was a eighteen-wheeler, and I waited and waited and there was cars going. And there was a eighteen-wheeler coming. He was behind the eighteen-wheeler. I went to go. He came around the eighteen-wheeler and I was right there. (Doc. 31-2 at 16:2-8).

Defendants refer to jurisprudence, including the Louisiana Third Circuit Court of Appeal's decision in Hayes v. Covey, which allows for the imposition of contributory negligence upon a

favored motorist when fails to act reasonably to avoid or minimize a collision initiated by the negligence of the non-favored motorist. 939 So.2d 630 (La. 3 Cir. 2006).

The court agrees that, taken together, Tilley's testimony and the cited jurisprudence demonstrate the existence of a genuinely disputed material fact as to the fault which may be attributed to Plaintiff for the automobile accident at issue in this case. Celotex v. Catrett, 477 U.S. 317, 323 (1986); Davis v. Fort Bend County, 765 F.3d 480, 484 (5th Cir. 2014), cert. denied ---- U.S. ---- 135 S.Ct. 2804 (2015). In so finding, we reject Plaintiff's argument that Tilley's later admission, also within her deposition testimony, that she did not actually witness Plaintiff maneuver around the eighteen-wheeler, is dispositive of this issue. (Doc. 26-8 at 34:23 – 35:11). The fact that Ms. Tilley did not see Plaintiff maneuver around another vehicle does not mean it did not occur and, in fact, Ms. Tilley asserts that it did occur. Plaintiff's vague denial of the involvement of the eighteen-wheeler in the events of the accident puts the two versions of the collision at odds, creating a genuinely disputed material fact issue.

Having identified a genuinely disputed material fact which, if decided in Defendants' favor, would support the assignment of some percentage of fault to Plaintiff, the court finds that Plaintiff's motion for partial summary judgment should be denied insofar as it seeks judgment declaring the automobile accident to have solely caused by the fault of Ms. Tilley. We preserve this issue for further proceedings as may be appropriate.

We now turn to the portion of Plaintiff's motion which seeks a judgment declaring the insurance policies "in force and effect" at the time of the automobile accident in question. As described above, Plaintiff's motion asserts that, at the time of the accident giving rise to this suit, Ms. Tilley was insured by Go Auto Insurance Company under a liability policy with limits of $15,000.000 per person. Plaintiff's motion further asserts that, at the time of the accident, there

3

was in full force and effect a policy of uninsured/underinsured motorist coverage in favor of Plaintiff bearing policy limits of $250,000.00, to the extent that Plaintiff's damages exceeded the $15,000.00 limits of Ms. Tilley's Go Auto policy. Plaintiff's motion lastly asserts that, at the time of the accident, there was in full force and effect an excess or umbrella insurance policy issued by State Farm Fire and Casualty Insurance Company in favor of Plaintiff bearing policy limits of $2 million, to the extent that Plaintiff's damages exceeded both Ms. Tilley's Go Auto policy and Plaintiff's State Farm Auto policy limits. (Doc. 26-1 at pp. 13-14).

Defendants do not dispute the existence of the policies, arguing only that any coverage available under its own policies is "subject to the definitions, terms, conditions and limitations of the policy contract(s)..." (Doc. 31 at p. 5). Given Defendants' vague reply and lack of any substantive opposition (in particular, the failure to assert ANY specific policy provision, clause or exclusion), the court finds no genuinely disputed material fact which prohibits a grant of partial summary judgment as prayed for by Plaintiff on the issue of coverage. We note also that Ms. Tilley's own testimony affirms that she was insured as alleged by Go Auto and this is not disputed by Defendants. (Doc. 26-8 at 37:19-25). Plaintiff's motion will be granted as to that issue.

For the reasons expressed above, the court finds that Plaintiff's motion for partial summary judgment should be granted in part and denied in part and will issue a judgment in conformity with this ruling.

Alexandria, Louisiana
February 16, 2016

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT