RECEIVED

JUL 2 0 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **WILBERT J. SAUCIER, JR.** | **CIVIL ACTION NO. 14-3157** |
| **–vs–** | **JUDGE DRELL** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., ET AL.** | **MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING

Before the court is the State Farm defendants' Motion for Partial Summary Judgment, (Doc. 44), which seeks the dismissal of Plaintiff's claims for past lost wages and loss of earning capacity. For the following reasons, the motion will be **GRANTED IN PART AND DENIED IN PART**.

### I.      Background

This case arises out of an automobile accident which occurred on September 5, 2013 in Pineville, Louisiana. Plaintiff, Wilbert Saucier, is a personal injury attorney who is primarily retained by clients on a contingency fee basis. Saucier claims significant monetary damages as a result of this accident. At issue in the motion before us are Saucier's claims for past lost wages and loss of earning capacity.

The State Farm defendants argue that, as a matter of law, Saucier is not entitled to any award for past lost wages or loss of earning capacity. (Doc. 44-3, p. 4). In support of their argument, the State Farm defendants contend that Saucier has only submitted evidence relating to corporate profits of Plaintiff's corporation, Wilbert J. Saucier, Jr., Inc., which reflects loss of income to the corporation and not to Plaintiff individually. (Id. at p. 5–7). Next, the defendants

1

maintain that both experts, Joseph Wayne Gaspard and Jason MacMorran, have testified there is no evidence that Plaintiff has lost any income because of injuries that he may have suffered from this accident. (Id.). Additionally, the State Farm defendants aver that, to the extent their "Motion to Exclude under Daubert/ Motion in Limine is granted, the evidence presented regarding Plaintiff's claims for lost wages and loss of earning capacity cannot be considered by the trier of fact." (Id.).

In response, Saucier argues that his corporation is in no way making a claim for lost profits or loss of earning capacity. (Doc. 53, p. 3–6). According to Saucier, as a "Subchapter S" corporation, Plaintiff's business is taxed on a "pass through" basis, which means that any loss to the corporation is also a loss to him as an individual. (Id.). Additionally, Saucier contends that both experts have stated in their depositions that Plaintiff potentially has a loss of earning capacity claim if he were to lose a significant number of work hours because of this accident. (Id. at 7–9).

## II.     Law and Analysis

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011) (internal quotations omitted). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

### a. Past Lost Wages

To recover past lost wages under Louisiana law, "a plaintiff must prove positively that he would have been earning the wages but for the accident in question." Boyette v. United Servs. Auto. Ass'n, 783 So. 2d 1276, 1280 (La. 2001). Even though past lost wages are susceptible of mathematical calculation, a plaintiff is only required to provide proof to reasonably establish the claim. Rhodes v. State Through Dep't of Transp. & Dev., 684 So. 2d 1134, 1147 (La. App. 1 Cir. 12/20/96). However, a plaintiff cannot simply allege past lost wages without independent support of the claim. It is ultimately the plaintiff's burden to prove that past lost wages resulted from the accident in question. ANMAC Found. Inc. v. St. Patrick Hosp. of Lake Charles, 594 So. 2d 951, 956 (La. App. 3 Cir. 2/12/92).

Here, Saucier has offered no admissible evidence of past lost wages. As discussed in our Order on the State Farm defendants' Daubert motion, (Doc. 83), Saucier hired Joseph Wayne Gaspard in an attempt to prove his past lost wages and loss of earning capacity claims. This court ruled that the testimony and evidence provided by Mr. Gaspard was inadmissible because it was based on a faulty methodology. (See id.).

Even assuming Mr. Gaspard's testimony was admissible, however, Gaspard testified in his deposition that he had no evidence of actual lost wages or earnings to Mr. Saucier because of this accident.   (See Doc. 44-5, p. 4, 6). The defendants' expert, Jason MacMorran, also testified there is no evidence of Saucier's past lost wage claim. (See Doc. 44-6, p. 3). Accordingly, we find there is no genuine dispute of material fact on Saucier's past lost wages claim and find that summary judgment on this issue is proper. Thus, the State Farm defendants' motion will be **GRANTED** on this issue. However, surprisingly, the answer is different on the loss of earning capacity claim.

### b.  Loss of Earning Capacity

In Louisiana, damages for loss of earning capacity may be awarded to a plaintiff on the theory "that the injury done him has deprived him of a capacity he would have been entitled to enjoy even though he never profited from it monetarily." Folse v. Fakouri, 371 So. 2d 1120, 1124 (La. 1979). Awards for loss of earning capacity are inherently speculative and intrinsically insusceptible of being calculated with mathematical certainty. Daigle v. U.S. Fid. & Guar. Ins. Co., 655 So. 2d 431, 442 (La. App. 1 Cir. 5/5/95). Such damages are generally calculated on the person's ability to earn money rather than on what he actually earned before the injury. Hobgood v. Aucoin, 574 So. 2d 344, 346 (La. 1990). To obtain an award for loss of earning capacity, "a plaintiff must present medical evidence which indicates with reasonable certainty that there exists a residual disability causally related to the accident." Aisole v. Dean, 574 So. 2d 1248, 1252 (La. 1991).

In this case, while we find that the scarce evidence in the record before us of any loss of earning capacity claim is highly speculative, Saucier has generally claimed throughout this litigation that he will be unable to perform, or will have trouble performing, various tasks that he normally does as a plaintiff's attorney, such as visiting accident scenes and climbing on wrecked automobiles in junkyards. The Louisiana Supreme court has found such limited evidence, even when proven in a general sense without corroborating expert testimony, sufficient to support an award of damages for loss of earning capacity. Hobgood v. Aucoin, 574 So. 2d 344, 348 (La. 1990) ("[C]ertainly plaintiff's inability to pursue his business as vigorously and energetically as he did prior to injury shows that his ability to earn has been impaired.").

Considering the evidence in the light most favorable to Saucier, we find he has provided (if, barely) sufficient evidence to create a genuine dispute of material fact to withstand a motion for summary judgment on this issue. Thus, the State Farm defendants' motion will be **DENIED** as to Saucier's claim for loss of earning capacity. That issue will have to go to trial.

SIGNED on this 20ᵗʰ day of July, 2016 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT