RECEIVED
FEB - 2 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILBERT J. SAUCIER, JR. | CIVIL ACTION NO.: 1:14-03157 |
| VERSUS | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL. | JUDGE DEE D. DRELL<br>MAG. JUDGE PEREZ-MONTES |

### ORDER

Before the court is plaintiffs' motion in *limine* to exclude any testimony and/or evidence: regarding any inference that the minor force of impact sustained in a motor vehicle accident suggests the degree of injury sustained; which runs afoul of the collateral source rule; which violates the attorney client privilege; which constitutes unrelated and/or irrelevant medical records; and/or is from an anonymous source who claimed plaintiff was attempting to commit insurance fraud. (Doc. 94).

Plaintiff first seeks to exclude photographs of damage to the vehicles. This request is denied in general as photographs of the vehicle are relevant and what they show is a proper topic for attorney argument.

Plaintiff also argues that neither testimony nor evidence may be permitted at trial regarding the force of impact. This assertion is incorrect. Pratt v. Culpepper, 162 So.3d 616 (La.App. 2 Cir.2015), states that while the force of a collision is of no material importance in a case, it is a factor that may be considered in determining the causal connection between the accident and the injury. Id. at 628-629. Accordingly, the issue may be presented during trial and testimony elicited. If it is, the court will instruct the jury, at the appropriate time, regarding the weight it should afford such evidence.

Plaintiff also seeks to exclude the defendant from eliciting any evidence that runs afoul of the collateral source rule. The court agrees; therefore, to the extent that any medical records or bills reflect payment by collateral sources, they must be redacted.

Both parties are prohibited from eliciting testimony about communications between an attorney and his/her client as those communications are privileged.

The court reserves ruling as to the remainder of plaintiff's requests. The admissibility of "unrelated and irrelevant medical records, such as records from plaintiff's dermatologist and other records listed by the defendants in connection with the pretrial stipulations herein" cannot be ruled upon unless and until the court is presented with the specific entries objected to by the plaintiff. Likewise, unless and until actual evidence regarding the basis for the separation between plaintiff and his wife, Betty Saucier, is made known to the court, a ruling is unwarranted. Finally, the court will wait to rule on issues regarding the anonymous caller and her claims of insurance fraud; however, we note, in general, anonymous caller information is inadmissible hearsay.

For the reasons expressed herein,

**IT IS ORDERED** that plaintiff's motion in *limine* (Doc.94) is hereby **GRANTED in part** and **DENIED in part**.

**SIGNED** at Alexandria, Louisiana this 2ND day of February, 2017.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRIC COURT