UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| WILBERT J. SAUCIER, JR., | CIVIL ACTION NO. 14-3157 |
| VERSUS | JUDGE ROBERT G. JAMES |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. | MAG. JUDGE JOSEPH PEREZ-MONTES |

RULING

Pending before the Court is Plaintiff Wilbert J. Saucier, Jr.'s ("Saucier") Motion to Alter or Amend Judgment ("Saucier's Motion to Amend") [Doc. No. 132] and Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company's Motion to Alter or Amend Judgment ("Defendants' Motion to Amend") [Doc. No. 135]. Saucier contends that the Court erred in failing to include pre-judgment interest in its April 7, 2017 Judgment [Doc. No. 131]. Defendants contend that the Court's award should only be against Defendant State Farm Mutual Automobile Insurance Company, and that the Court should dismiss the claim against State Farm Fire and Casualty Company. Having fully reviewed the memoranda and case law, the Court GRANTS both Saucier's Motion to Amend Judgment and Defendants' Motion to Amend Judgment.

    A.    **Saucier's Motion to Amend**

Pursuant to Louisiana Revised Statute 13:4203, "[l]egal interest shall attach from date of judicial demand, on all judgments, sounding in damages, 'ex delicto,' which may be rendered by any of the courts." Under this statute, Saucier is entitled to receive pre-judgment interest "from the date of judicial demand." *See Ethyl Corp. v. Gulf States Utilities, Inc.*, 2001-2230 (La. App. 1

Cir. 10/2/02); 836 So.2d 172. The Court has no discretion on this issue. *See Odom v. City of Lake Charles*, 2000-01050 (La. App. 3 Cir. 1/31/01); 790 So.2d 51, *writ denied*, 2001-1198 (La. 6/22/01); 794 So.2d 787 ("[A]n award of legal interest in tort cases is not discretionary with the court since interest attaches automatically until judgment is paid, whether prayed for in the petition or mentioned in the judgment.") (citing LA. CODE CIV. P. ART.1921; LA. REV. STAT. 13:4203).

Therefore, Saucier's Motion to Amend Judgment [Doc. No. 132] is GRANTED. Saucier is entitled to recover pre-judgment interest from the date of judicial demand to the date of entry of judgment, as well as post-judgment interest. The Court will issue an amended judgment incorporating this award.

### B. Defendants' Motion to Amend

Defendants argue that the Court's Judgment should be against State Farm Mutual Automobile Insurance Company only and that State Farm Fire and Casualty Company be dismissed with prejudice. [Doc. No. 135]. Defendants note that the Court previously found that State Farm Fire and Casualty Company afforded excess/umbrella coverage to the extent that Saucier's damages exceeded the underlying coverage afforded by Go Auto and State Farm Mutual Automobile Insurance Company. Since the award of $105,802.85 did not exceed the underlying coverage provided by Go Auto and State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company should be dismissed.

Saucier does not oppose dismissal, but argues that State Farm Fire and Casualty Company's dismissal should be without prejudice, because of "the possibility of insolvency" on the part of State Farm Mutual Automobile Insurance Company. [Doc. No. 137]. However

Cir. 10/2/02); 836 So.2d 172. The Court has no discretion on this issue. *See Odom v. City of Lake Charles*, 2000-01050 (La. App. 3 Cir. 1/31/01); 790 So.2d 51, *writ denied*, 2001-1198 (La. 6/22/01); 794 So.2d 787 ("[A]n award of legal interest in tort cases is not discretionary with the court since interest attaches automatically until judgment is paid, whether prayed for in the petition or mentioned in the judgment.") (citing LA. CODE CIV. P. ART.1921; LA. REV. STAT. 13:4203).

Therefore, Saucier's Motion to Amend Judgment [Doc. No. 132] is GRANTED. Saucier is entitled to recover pre-judgment interest from the date of judicial demand to the date of entry of judgment, as well as post-judgment interest. The Court will issue an amended judgment incorporating this award.

### B. Defendants' Motion to Amend

Defendants argue that the Court's Judgment should be against State Farm Mutual Automobile Insurance Company only and that State Farm Fire and Casualty Company be dismissed with prejudice. [Doc. No. 135]. Defendants note that the Court previously found that State Farm Fire and Casualty Company afforded excess/umbrella coverage to the extent that Saucier's damages exceeded the underlying coverage afforded by Go Auto and State Farm Mutual Automobile Insurance Company. Since the award of $105,802.85 did not exceed the underlying coverage provided by Go Auto and State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company should be dismissed.

Saucier does not oppose dismissal, but argues that State Farm Fire and Casualty Company's dismissal should be without prejudice, because of "the possibility of insolvency" on the part of State Farm Mutual Automobile Insurance Company. [Doc. No. 137]. However

Saucier has failed to provide any evidence suggesting that insolvency is a real possibility.

Therefore, Defendants' Motion to Amend Judgment [Doc. No. 135] is GRANTED. Defendant State Farm Fire and Casualty Company will be dismissed with prejudice.

MONROE, LOUISIANA, this 17th day of April, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **WILBERT J. SAUCIER, JR.,** | **CIVIL ACTION NO. 14-3157** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.** | **MAG. JUDGE JOSEPH PEREZ-MONTES** |

## ORDER

For the reasons set forth in this Court's Ruling,

IT IS ORDERED that Plaintiff's Motion to Amend or Alter Judgment [Doc. No. 132] is GRANTED. Plaintiff is granted pre-judgment interest. An Amended Judgment shall issue separately.

IT IS FURTHER ORDERED that Defendants' Motion to Amend Judgment [Doc. No. 135] is GRANTED. The Amended Judgment issuing separately shall indicate that Defendant State Farm Fire and Casualty Company is dismissed with prejudice.

MONROE, LOUISIANA, this 17th day of April, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE